IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA     )
                             )
     v.                      ) Criminal No. 02-176
                             )
MILTON LLOYD JARRETT         )
```

<u>MEMORANDUM AND ORDER OF COURT</u>

Presently before the court is a motion for modification of sentence imposed pursuant to 18 U.S.C. §3582(c) (Document No. 52) filed by Milton Lloyd Jarrett ("petitioner"). For the following reasons, petitioner's motion will be denied.

On April 23, 2003, petitioner entered a plea of guilty to a one-count indictment charging him with conspiracy to import into the United States from Jamaica 5 kilograms or more of cocaine in violation of 21 U.S.C. §963. On July 23, 2003, petitioner was sentenced to a term of imprisonment of 97 months, the low end of the applicable sentencing guideline range. Defendant was advised of his right to appeal the sentence, but he did not file a direct appeal.

Petitioner filed a §2255 motion on May 10, 2004, seeking relief on numerous grounds.[1] He subsequently filed a supplemental petition to amend his §2255 motion to add an additional ground for

---

[1] Petitioner asserted that: (1) the sentence imposed violated his Fifth Amendment due process rights because it was based on a guidelines calculation that included a role-related increase under the guidelines; (2) the sentence was "unconstitutionally calculated" because it included drugs that were attributed to him after he "quit" the conspiracy; and, (3) he was denied the effective assistance of counsel in entering his guilty plea.

relief based on the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).[2]

By Opinion and Order dated September 1, 2004, this court found that petitioner was not entitled to §2255 relief under any of his asserted grounds and the United States Court of Appeals for the Third Circuit subsequently denied petitioner a certificate of appealability.

Petitioner's pending motion seeks modification of his sentence pursuant to 18 U.S.C. §3582(c) in light of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Petitioner contends that Booker created new authority for the court to re-visit a final sentence to determine that sentence's reasonableness under the factors set forth in 18 U.S.C. §3553(a). Upon due consideration of petitioner's motion, the court concludes that petitioner is not entitled to relief under §3582(c).

Title 18 U.S.C. §3582(c) permits modification of a previously imposed term of imprisonment only under limited and narrow circumstances. Pursuant to §3582(c)(1)(A), a court may _not_ modify a term of imprisonment once it has been imposed _except_ that the court, upon motion of the director of the Bureau of Prisons, may reduce the term of imprisonment after considering the factors set

---

[2] Specifically, petitioner argued that his sentence was imposed in violation of his Sixth Amendment right to trial by jury because it was enhanced pursuant to U.S.S.G. §3B1.1(b) by the court's factual finding by a preponderance of the evidence that he was a manager or supervisor of the conspiracy.

forth in §3553(a) <u>if</u> the court finds extraordinary and compelling reasons warranting such a reduction <u>or</u> the defendant is at least 70 years of age, has served at least 30 years in prison and is not a danger to the community as determined by the Director of the Bureau of Prisons. Pursuant to §3582(c)(1)(B), the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.[3]

Here, petitioner clearly is not entitled to relief under any of the provisions of §3582(c). A reduction under §3582(c)(1) requires as a prerequisite a motion by the Director of the Bureau of Prisons, which petitioner here clearly lacks. Moreover, petitioner does not advance, nor does the court find, any extraordinary or compelling reasons warranting such a reduction in this case. Finally, petitioner is not 70 years old, has not served 30 years in prison, and has not been determined by the Bureau of Prisons to not be a danger to the community.

Nor is petitioner entitled to relief under §3582(c)(2), as modification of his sentence is not otherwise expressly permitted by statute or by Fed.R.Crim.P. 35. As to potential statutory bases for relief, <u>Booker</u> provides no cause for reduction of sentence under 28 U.S.C. §§2241 or 2255 because the Third Circuit

---

[3] 18 U.S.C. §3582(c)(2), which permits a court to reduce a term of imprisonment in the case of a defendant who had been sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), is not implicated in this case.

Court of Appeals, in line with every other federal circuit, has recognized that <u>Booker</u> does not apply retroactively to cases on collateral review. See <u>In re: Olopade</u>, 403 U.S. 159, 160 (2006).[4]

Likewise, Rule 35 provides no grounds for reduction of petitioner's sentence. Rule 35 permits correction or reduction of sentence upon a remand from the court of appeals (Fed.R.Crim.P. 35(a)); for substantial assistance to the government in the investigation or prosecution of another person (Fed.R.Crim.P. 35(b)); or within seven days of its imposition for arithmetical, technical or other clear error (Fed.R.Crim.P. 35(c)). It is apparent in this case that petitioner is not entitled to relief under any of the provisions of Fed.R.Crim.P. 35.

Accordingly, for the foregoing reasons, the court concludes that petitioner is not eligible for modification of his sentence pursuant to §3582(c)(2) and his motion will be denied.

An appropriate order will follow.

Date: September 27, 2006        /s/ Gustave Diamond
                                Gustave Diamond
                                United States District Judge

---

[4] In addition, petitioner would face insurmountable procedural hurdles in seeking to have this court reduce his sentence under either §2241 or §2255. As to §2241, a district court's habeas corpus jurisdiction extends only to persons detained and custodial officials acting within the boundaries of that district. Petitioner is detained in Ohio. As to §2255, the Antiterrorism and Effective Death Penalty Act of 1996 prohibits a district court from considering a second or successive petition without authorization from the Court of Appeals. Here, petitioner previously filed a §2255 motion and he has not received an order from the Third Circuit authorizing him to file a second or successive motion.

ORDER OF COURT

AND NOW, this 27th day of September, 2006, for the reasons set forth in the memorandum above, IT IS ORDERED that petitioner's motion for modification of sentence imposed pursuant to 18 U.S.C. §3582(c) (Document No. 52) be, and the same hereby is, **denied**.

                                                *Gustave Diamond*
                                                Gustave Diamond
                                                United States District Judge

cc:   Gregory J. Nescott
       Assistant U.S. Attorney

       Milton Lloyd Jarrett

AO 72
(Rev. 8/82)